IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CALEB LOGAN HART, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-6-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Before the Court is the petition for a federal writ of habeas corpus filed by petitioner CALEB LOGAN HART challenging the constitutional legality or validity of his state court convictions and sentences. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On December 11, 2013, petitioner was charged by Indictment in Gray County, Texas, with three (3) counts of the first degree felony offense of aggravated sexual assault of a child in violation of section 22.021(a)(2)(B) of the Texas Penal Code. *State v. Hart*, Nos. 9662, 9664, and 9665. The Indictments alleged petitioner, on or about September 16, 2011, January 5, 2012 and June 15, 2013:

[D]id then and there intentionally or knowingly cause the penetration of the sexual

> organ of A.H., a child who was then and there younger than 14 years of age, by Defendant's sexual organ.

[ECF 13-2 at 7; 13-4 at 7; 13-5 at 7].

Petitioner was also charged by Indictment with the second degree felony offense of indecency with a child by sexual contact in violation of section 21.11(a)(1) of the Texas Penal Code. *State v. Hart*, No. 9663. That Indictment alleged petitioner, on or about September 15, 2011:

> [D]id then and there, with the intent to arouse or gratify the sexual desire of said Defendant, intentionally or knowingly engage in sexual contact with A.H., a child younger than 17 years of age, by touching A.H. with Defendant's sexual organ.

[ECF 13-3 at 7].

Petitioner was also charged by Indictment with the second degree felony offense of prohibited sexual conduct with an ancestor or descendent in violation of section 25.02(c) of the Texas Penal Code. *State v. Hart*, No. 9666. That Indictment alleged petitioner, on or about June 15, 2013:

> [D]id then and there intentionally or knowingly engage in sexual intercourse with A.H., a person the said Defendant knew to be, without regard to legitimacy, the Defendant's niece.

[ECF 13-6 at 7]. Prior to the trial of this cause, petitioner filed applications for community supervision in the event of conviction, and elections for punishment requesting "a jury should make the decisions" if punishment and sentence is necessary. [ECF 13-2 at 50, 53; 13-3 at 44, 47; 13-4 at 44, 47; 13-5 at 44, 47; 13-6 at 44, 47].

On October 13-15, 2014, petitioner, represented by appointed counsel, was tried before a jury in the 31st Judicial District Court of Gray County in a consolidated trial on all counts. [ECF 13-8 at 114-182; 13-9 at 6-138; 13-10]. On October 15, 2014, the jury found petitioner guilty of each of the offenses as alleged in the Indictments. [ECF 13-2 at 67; 13-3 at 61; 13-4 at 60; 13-5 at 60; 13-6 at 61]. After the jury's verdict of guilt, the State filed a motion to cumulate all of

petitioner's sentences, stacking the sentence assessed in each cause number on the sentence assessed in the preceding cause number. [ECF 13-2 at 68-69; 13-3 at 62-63; 13-4 at 62; 13-5 at 62; 13-6 at 62].

During his rebuttal closing argument of the punishment phase of trial, the State prosecutor, without objection from defense counsel, stated, "All of these sentences under the law run at one time concurrently. The only person who can make it otherwise is this Court, not you. But as we sit right here they all run at the same time." [ECF 13-11 at 33-34]. After the prosecutor completed his rebuttal closing argument and the trial court gave administrative instructions to and excused the jury for deliberations, defense counsel, noting that "[d]uring the Prosecution's rebuttal at closing, he discussed the cumulative or non-cumulative nature of the sentence that can be run," stated his belief that the statement was improper and objected to the statement, and then moved for a mistrial on the basis that the decision of whether to cumulate petitioner's sentences "can't be taken away from the jury." [ECF 13-11 at 35-36]. The trial court denied counsel's request for a mistrial, noting "[t]here was no objection at the time." [*Id*. at 36]. The court then recessed.

The jury subsequently returned its verdict assessing petitioner's punishment at 99 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for each aggravated sexual assault conviction, and 20 years confinement for the indecency and prohibited sexual conduct offenses. [ECF 13-2 at 74; 13-3 at 68; 13-4 at 67; 13-5 at 67; 13-6 at 70]. In pronouncing petitioner's jury-assessed sentences in open court, the trial court ordered petitioner's "sentences to run consecutive and not concurrently." [ECF 13-11 at 39]. That same date, the trial court signed and entered Judgments ordering each of the five (5) sentences to run consecutively to the sentence in the preceding cause number. [ECF 13-2 at 75-76; 13-3 at 69-70; 13-4 at 68-69; 13-5 at 68-69;13-6 at 71-72].

Petitioner, represented by different appointed counsel, filed a direct appeal of his

convictions and sentences to the Court of Appeals for the Seventh District of Texas alleging (1) petitioner's "rights against double jeopardy were violated when the jury convicted him for both aggravated sexual assault of a child and indecency with a child by sexual contact where both acts occurred on the same date and during the same incident"; (2) there was no evidence to support petitioner's conviction for prohibited sexual conduct; and, alternatively, (3) petitioner's 20-year sentence for the prohibited sexual conduct conviction was an illegal sentence. [ECF 13-14].

In response, the State agreed petitioner's sentence for his prohibited sexual conduct conviction was illegal. On November 19, 2015, the state intermediate appellate court affirmed petitioner's convictions in all five (5) cases, but reversed the sentence portion of the judgment in petitioner's prohibited sexual conduct case (No. 9666), and remanded that case for a new punishment hearing for a new sentence in the third degree felony range and entry of a corrected judgment.[1]  *Hart v. State*, No. 07-14-00371-CR; 07-14-00372-CR; 07-14-00373-CR; 07-14-00374-CR; 07-14-00375-CR. [ECF 13-16].

Although granted an extension of time to do so, petitioner did not seek review of the affirmance of his convictions through a petition for discretionary review with the Texas Court of Criminal Appeals. *Hart v. State*, PDR Nos. 1683-1687. [ECF 13-19].

On October 13, 2016, petitioner purportedly placed a *pro se* state application for habeas corpus relief in the state prison mailing system challenging his convictions in Cause Nos. 9662, 9664 and 9665, such application being received and file-stamped on October 18, 2016. [ECF 13-22 at 5-22]. By his state habeas application, petitioner alleged: (1) the trial court's order to cumulate resulted in petitioner's sentences exceeding the prescribed statutory maximum sentence, therefore violating petitioner's Sixth Amendment right to a jury; and (2) petitioner was denied

---

[1]Although remanded for entry of a new sentence, it does not appear a new Judgment with a sentence within the correct range was entered. The online TDCJ Offender Information Detail still reflects a 20-year sentence for the prohibited sexual conduct case (No. 9666).

effective assistance of counsel because counsel did not make a timely objection that the jury, not the judge, should determine whether the sentences should be cumulated. On December 14, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order. *In re Hart*, Nos. 86,074-01, -02, -03 [ECF 13-21, 13-23, 13-25].

On January 6, 2017, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system, such application being received and file-stamped in this Court on January 12, 2017. [ECF 3]. On May 12, 2017, respondent filed an answer arguing petitioner's application is without merit. [ECF 12]. On August 7, 2017, petitioner filed a reply to respondent's answer. [ECF 19].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The trial court's order to cumulate petitioner's sentences resulted in petitioner being assessed a sentence exceeding the prescribed statutory maximum sentence, thereby violating petitioner's right to due process and right to a trial by jury.

2. Petitioner was denied effective assistance of counsel because defense counsel failed to timely object to the trial court's cumulation of his sentences.

In effect, petitioner requests the sentences in Cause Nos. 9663, 9664, 9665 and 9666 be vacated and the cases remanded to the state trial court for re-sentencing without cumulation orders.

## III.
## STANDARD OF REVIEW

In her May 12, 2017 answer, respondent has accurately and thoroughly briefed statutory and case law regarding both the applicable standards of review for federal habeas corpus

proceedings under 28 U.S.C. § 2254 and claims of ineffective assistance of counsel. [ECF 12 at 5-10, 14-15]. Except to the extent necessary to the Court's discussion of petitioner's claims, the Court will not repeat respondent's recitations regarding these standards of review, as they are well settled in habeas corpus law.

## IV.
## MERITS

### A. The Trial Court's Cumulation of Petitioner's Sentences[2]

In his first ground, petitioner initially claims his cumulated sentences are violative of the rule established by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. In *Apprendi*, the Court held that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 490. According to petitioner, running his sentences consecutively, rather than concurrently, effectively increased the penalty to which he was subject based solely on facts determined by the state trial court judge and not charged to the jury or found by the jury beyond a reasonable doubt. Petitioner thus concludes the cumulation order is unlawful because it resulted in a sentence exceeding the statutory maximum sentence allowed for a first degree aggravated sexual assault in violation of the holding in *Apprendi*.

As noted by respondent, federal courts have consistently held the issue of consecutive sentencing is irrelevant to a determination of whether a sentencing court has impermissibly exceeded the statutory maximum for a particular offense in question. *See United States v. Davis*,

---

[2]Although petitioner did not properly object to the cumulation of his sentences at trial, petitioner has alleged ineffective assistance of counsel for failure to do so in this federal habeas proceeding, as well as in the state habeas proceeding. Consequently, the merits of his claims will be addressed.

329 F.3d 1250, 1253-55 (11th Cir.), *cert. denied*, 540 U.S. 925 (2003) (citing *United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001)); *United States v. Chorin*, 322 F.3d 274, 278-79 (3rd Cir.), *cert. denied*, 540 U.S. 857 (2003); *United States v. McWaine*, 290 F.3d 269, 275-76 (5th Cir.), *cert. denied*, 537 U.S. 921 (2002); *United States v. Feola*, 275 F.3d 216, 218-20 & n. 1 (2nd Cir. 2001) (addressing consecutive federal sentences). Consequently, the rule in *Apprendi* only applies where a defendant is sentenced above the statutory maximum sentence for an individual offense and does not prohibit a sentencing court from imposing consecutive sentences on multiple offenses, as long as each sentence is at or below the applicable statutory maximum. Petitioner does not dispute that the sentence he was assessed for each offense was within the statutory punishment range. Consequently, the cumulation of each and every one of petitioner's 99-year and 20-year sentences, although extreme, did not result in a violation of the holding in *Apprendi*.

By his first ground, petitioner also appears to argue that (1) the trial court's order to cumulate his sentences violated his Sixth Amendment right to a trial by jury, or (2) that his Fourteenth Amendment right to due process is violated by the trial court's cumulation order because he was deprived of his state-created right to a jury assessment of punishment.

Petitioner's first argument is without merit. The Sixth Amendment right to a trial by jury does not include the right to have a jury assess punishment. *McMillan v. Pennsylvania*, 477 U.S. 79, 93 (1986) ("[T]here is no Sixth Amendment right to jury sentencing, even when the sentence turns on specific findings of fact."); *Spaziano v. Florida*, 468 U.S. 447, 459 (1984) ("The Sixth Amendment never has been thought to guarantee a right to a jury determination [on sentencing in noncapital cases]."). Consequently, the trial court's order to cumulate petitioner's sentences did not violate his Sixth Amendment right to a trial by jury.

With regard to petitioner's second argument, Texas law provides the defendant with the purely statutory right to jury sentencing, *see* Tex. Code Crim. P. art. 37.07 § 2(b) (2014), yet

simultaneously vests the trial judge with the discretionary authority to decide whether to cumulate the jury-assessed sentences without any input from the jury on this decision. *See* Tex. Code Crim. Proc. art. 42.08(a) (2014); *see also Alameda v. State*, 235 S.W.3d 218, 223-24 (Tex.Crim.App. 2007) (en banc), *cert. denied*, 552 U.S. 1029 (2007); *Barrow v. State*, 207 S.W.3d 377 (Tex.Crim.App. 2006) (en banc). As the state-created statutory right to a jury assessment of punishment is limited and not absolute, petitioner was not denied any right and no Fourteenth Amendment denial of due process occurred.[3]

Lastly, petitioner's state habeas application challenging the constitutionality of his convictions and sentences alleged these exact same claims. The Court of Criminal Appeals denied petitioner's state habeas application without written order, an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999). Consequently, this Court's review is limited to determining whether petitioner has shown the state court's decision on these issues was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Petitioner has failed to meet this threshold burden necessary for federal habeas corpus relief. Petitioner's first ground should be denied.

### B.  Ineffective Assistance of Counsel Claim – Failure to Object to Cumulation of Sentences

By his second ground, petitioner alleges he was denied effective assistance of counsel at trial in violation of his Sixth Amendment rights under the United States Constitution. Petitioner appears to allege trial counsel's representation was deficient because he failed to (1) timely object to the State's comments in its rebuttal closing argument regarding the sentences running

---

[3] In its answer, respondent argues the trial court, acting within its discretion, properly cumulated petitioner's sentences under Texas law. This Court does not reach the issue of whether petitioner's sentences were properly cumulated under state law.

concurrently or "all run[ning] at the same time" and only the Court having the authority to order the sentences to run differently; and (2) object to the trial court's oral pronouncement cumulating his sentences on the basis that the jury, rather than the judge, should determine whether his sentences run cumulatively. Petitioner contends such deficiencies prejudiced him because without the proper objections, the trial court was allowed to cumulate petitioner's sentences and, if defense counsel had made the proper objections, there is a reasonable probability the result of the punishment phase of the trial would have been different.

An ineffective assistance of counsel claim may be disposed of for want of either deficient performance or actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 697 (1984); *Ramirez v. Dretke*, 398 F.3d 691, 697 (5th Cir. 2005). Here, defense counsel was not deficient in failing to object to the trial court's order cumulating petitioner's sentences on the basis that such decision was reserved for the jury. Even if petitioner's attorney had properly and timely objected to the court's cumulation on this basis, such an objection would not have been successful. As noted above, the decision of whether to cumulate sentences is a discretionary function of the trial judge under state law. Any objection by petitioner's trial counsel to the sentence cumulation would have been futile. "The failure to assert a meritless objection cannot be grounds for a finding of deficient performance." *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997); *see also Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir.), *cert. denied*, 133 S. Ct. 529 (2012) ("the failure to lodge futile objections does not qualify as ineffective assistance").

The deficiency analysis is less clear cut with regard to defense counsel's failure to timely object to the State's comments regarding the sentences running concurrently in its rebuttal closing argument.[4] However, petitioner must also establish prejudice to show a denial of effective

---

[4] The Court's Charge on Punishment in each case did not instruct the jury as to the possibility that petitioner's sentences could be ordered to run concurrently or consecutively, or that it would be the trial court's discretionary determination as to how petitioner's sentences would be ordered to run. [ECF 13-2 at 70-73; 13-3 at 64-67; 13-4 at 63-66; 13-5 at 63-66; 13-6 at 64-68].

assistance of counsel. To establish prejudice, petitioner must prove that, but for counsel's unprofessional errors, the result of the proceeding would have been different. To prove prejudice a petitioner must show "there is a reasonable probability that, but for counsel's errors, the ultimate result of the proceeding would have been different" and that "counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993). Put another way, petitioner carries a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result.

Here, even if defense counsel had timely objected to the prosecutor's comments during his rebuttal closing argument and even if the trial court had sustained the objection and instructed the jury to disregard the comments, petitioner cannot show it would have actually changed the result of petitioner's trial. Even with a sustained objection and instruction to disregard, the trial court still had the discretion, under state law, to cumulate *any* sentences the jury assessed. Any timely objection could have simply resulted in further comment clarifying that only the court, not the jury, had the discretionary authority to decide if the sentences would be cumulated. Petitioner cannot show counsel's failure to timely object to the prosecutor's comments during rebuttal closing argument resulted in significant prejudice to petitioner.

Lastly, the Texas Court of Criminal Appeals denied petitioner's state habeas application alleging these exact same claims of ineffective assistance of counsel on the merits. Again, as noted above, this Court's review of petitioner's claims is limited. Petitioner has failed to demonstrate the state court's adjudication of his claims was objectively unreasonable under the AEDPA. As

petitioner has not met his burden of proof, the relitigation bar of the AEDPA forecloses relief to petitioner in this federal habeas proceeding. Petitioner's second ground should be denied.

## V.
## RECOMMENDATION

For the above reasons, and the reasons set forth in respondent's May 12, 2017 *Answer* [ECF 12], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner CALEB LOGAN HART be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 14, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/FCR/HART-6.DNY-IAC-SENTENCE:2